United States District Court
Southern District of Texas
**ENTERED**
August 31, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES GOVERNMENT, et. al., § § Plaintiffs, § § v. § § BARACK HUSSEIN OBAMA, et al., § § Defendants. § | | Case No. 1:16-cv-119 |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Plaintiffs' Complaint titled "21st-Century Impeachment-Forfeiture Class Action Lawsuit Against Barak Hussein Obama,Joseph"Joe" Robinette Biden & Against 7+-Years of Obama-Biden Imperial Administrations" filed by James A-K Arunga (hereinafter the "Complaint"). Dkt. No. 1 (errors in original). For the reasons stated herein, it is recommended that the Complaint be dismissed.

## I.  Background

On June 9, 2016, James A-K Arunga filed the instant Complaint, which is largely unintelligible but appears to allege that President Barak Obama, Vice-President Joseph Biden and the other defendants (collectively, the "Defendants") committed fraud, and other injustices against the citizens of the United States and their respective States. *See generally* Dkt. No. 1. The Complaint appears to request impeachment proceedings be brought against Defendants. *See id.* at 23-24. The

Court issued an order to show cause as to why the Complaint should not be dismissed because of multiple deficiencies contained in the pleading. Dkt. No. 5. Arunga filed a response to the Court's order, generally claiming that the Complaint was consistent with Rules 8, 9, and 10 of the Federal Rules of Civil Procedure. *See* Dkt. No. 10 at 1; FED. R. CIV. P. 8-10. Arunga further claims that the Court's order to show cause lacks merit, is "delusional[,]" and that it will not intimidate him from proceeding with his claims.[1] *See id.* at 1-2. The filing was also accompanied by a notice of direct appeal to the Supreme Court. *See id.* at 10.

## II. Legal Standards

A court has the power to dismiss a complaint sua sponte under 12(b)(1) and 12(b)(6). *See, e.g.*, *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999); *Kidd v. Southwest Airlines, Co.*, 891 F.2d 540, 546 (5th Cir. 1990); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005); *First Gibraltar Bank, FSB v. Smith*, 62 F.3d 133, 135 (5th Cir. 1995). In deciding whether to dismiss a complaint pursuant to Rule 12(b)(1), a court may view: "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. Heeremac V.O.F.*, 241 F.3d 420, 424 (5th Cir. 2001). While Rule 12(b)(1) accepts the factual allegations in the plaintiff's

---

[1] In the order to show cause, the Court warned Arunga regarding the possible criminal penalties for impersonating an officer or employee of the United States government as well as the unauthorized practice of law.

complaint as true, the plaintiff bears the burden of proof that jurisdiction exists under 12(b)(1). *Id.*; *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Regardless, in order to survive dismissal under 12(b)(1), a complaint must contain sufficient factual matter that states a claim to relief that is "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Legal conclusions that are "naked assertions devoid of further factual enhancement" or "formulaic recitation of [a claim's] elements" are not enough. *Id.* Instead, factual allegations are facially plausible when they allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* However, when factual allegations are intertwined with the merits, i.e. where the allegations shed light to both the basis of federal court subject matter jurisdiction and the cause of action, a court should not dismiss the claims unless they are "immaterial or wholly insubstantial and frivolous." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). Finally, courts must consider a jurisdictional attack under Rule 12(b)(1) prior to considering other grounds of dismissal. *Id.*

### III. Discussion

As stated above, jurisdictional attacks are decided prior to dismissal under other grounds.

#### a. Whether the Court has Jurisdiction to Hear the Claims

At the most basic level, civil jurisdiction is conferred to the federal courts through two main avenues; "diversity" and "federal question" jurisdiction. Diversity

jurisdiction arises from all claims in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and there is "complete diversity" between the parties. *See* 28 U.S.C. § 1332. Complete diversity exists when all plaintiffs do not share citizenship with any defendant. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). Further, the parties must be "real and substantial" to the controversy, and a court must disregard nominal or formal parties when determining jurisdiction. *Id.*

Federal question jurisdiction arises from the Constitution, or the laws and treaties of the United States. *See* 28 U.S.C. § 1331. A court may dismiss a cause of action for lack of federal question jurisdiction when the claim is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Said another way, a plaintiff properly invokes federal question jurisdiction by pleading a colorable claim "arising under" the Constitution or the laws of the United States. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). The pleading must allege a claim that is not "obviously frivolous" or too "attenuated and unsubstantial" when compared to the claim's alleged federal question hook. *See Arena v. Graybar Elec. Co.*, 669 F.3d 214, 221-22 (5th Cir. 2012).

The Court lacks jurisdiction to hear Arunga's claims. Arunga's claims are largely unintelligible, and do not identify a justifiable claim from which the Court can base jurisdiction. Arunga appears to allege that the Defendants perpetrated a fraud against the American people. *See generally* Dkt. No. 1. In addition, Arunga

appears to allege that the Defendants violated their oaths of office by attempting to overturn the proper balance of our federalist system of government and by committing acts of treason. *See generally id.* As a result of the Defendant's alleged actions, Arunga requests the Court to impeach the Defendants. *See id.* at 23-24. These claims, however, fall into the realm of "political questions."

The presence of constitutional claims with political overtones does not automatically violate the "political question" doctrine. *See I.N.S. v. Chadha*, 462 U.S. 919, 942-43 (1983). The political question doctrine excludes from judicial review issues that revolve around policy choices and "value determinations" constitutionally committed for resolution by the other branches of government. *See Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 230 (1986) ("The Judiciary is particularly ill suited to make such decisions, as 'courts are fundamentally underequipped to formulate national policies or develop standards for matters not legal in nature.'"). Therefore, a political question arises in the following specific circumstances:

> a textually demonstrable constitutional commitment of the issue to a coordinate political department; or a lack of judicially discoverable and manageable standards for resolving it; or the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or an unusual need for unquestioning adherence to a political decision already made; or the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

Chadha, 492 U.S. at 942 (quoting *Baker v. Carr*, 369 U.S. 186, 217 (1962)).

Here, multiple circumstances point towards these issues being "political questions." First, as Arunga's allegations seek the Defendants be impeached, there exists a textual constitutional commitment of this issue to Congress. U.S. CONST. art. I. Further, granting this relief, or determining whether the Defendant's actions were treasonous, for example, would force the Court to decide the case based upon an initial policy determination that the Court should devolve. Finally, granting the relief requested or considering whether the Defendant's actions were treasonous would entirely disrespect the separation of powers framework by appropriating a constitutional power of Congress and a prosecutorial decision by the Department of Justice.

### b. Arunga's Failure to Abide by the Order to Show Cause

Assuming, arguendo, the Court does have jurisdiction to hear Arunga's claims, Arunga has failed to abide by the Court's order to show cause. On June 14, 2016, the Court issued an order to show cause identifying several grounds for dismissal. *See* Dkt. No. 5. The order required Arunga to show why his Complaint should not be dismissed. *Id.* However, Arunga failed to appropriately respond.

For example, apart from a conclusory statement indicating that the Complaint was in compliance, Arunga did not explain how the Complaint complied with Rules 8 or 9 of the Federal Rules of Civil Procedure. *See* Dkt. No. 10 at 1; FED. R. CIV. FED. P. 8-10. Instead, Arunga's response attempted to insult the Court, stating "[the] Court's waiverORDER. . . is moot as delusional: lacking prudence on

merits and **precedents**. . . amount[ing] to heinous vexations fabricated by magistatelawyer." *Id* (errors in original). Arunga continued, stating:

> neither [the] nihilists nor Torteya will intimidate Pro Se Arunga from exercising his afforded due-equal rights of AmericanJurisprudence. A single magistratejudge now has mysterious 'punishable offenses'upon which said magistrate has jurisdiction against Arunga. Nobody is preventing Torteya from impaneling criminal jury trial to proceed against James Aggrey-Kweggyiyr Arunga -- naturally born gifted special CHILD of KenyaHebrews; SabbathianChristian; does not believe in criming/crimes; civil violations nor believes in liars; will not be intimidated by organized criminal nor 'Defendants delusional 'Don't-Say-Don'tTell finaglings'.

*Id.* at 2 (errors in original). "Thus, June 14, 2016 ORDER is rejected emphatically by Arunga – a well educated Legal Scholar." *Id.* at 1 (errors in original).

Rule 8 of the Federal Rules of Civil Procedure states that a pleading stating a claim for relief must contain a short and plain statement of the grounds invoking the court's jurisdiction. FED. R. CIV. P. 8(a)(1). Rule 9 of the Federal Rules of Civil Procedure states that in pleading fraud, a party must state with particularity the circumstances constituting the fraud or mistake. FED. R. CIV. P. 9(b). Rule 10 of the Federal Rules of Civil Procedure requires that a party state its claims in numbered paragraphs that are limited as far as practicable to a single set of circumstances. FED. R. CIV. P. 10(b). Arunga's Complaint does not abide by these rules.

For example, Arunga's complaint does not have any short or plain statement that properly shows the Court has jurisdiction. *See generally* Dkt. No. 1; Dkt. No. 1 at 9-11. In a section labeled "jurisdiction" Arunga states that there is:

> <u>Sua Sponte Jurisdiction of Preamble Provisions-Bill of Rights Manifest Regard GRANDEUR Standing Dichotomus Peremptory WRIT, dehors</u>: Upholds, indefinitely, the United States(U.S.)Government, Comity-

> Government of Democracy of/by/for We The People…et al, against Designated-Defendants and their imperial delusions; Grants Impeachment Judgment Against Defendants.Purview <u>Origins of the Bill of Rights</u>, <u>PERFECT UNION</u>, <u>THE CONSTITUTION</u>, and <u>CITIZEN'S CONSTITUTION</u>, <u>Supra</u>.

*Id*. at 9 (errors in original). Another section states:

> <u>STATEMENT OF UNITED STATES CONSTITUTION JURISDICTION</u>: Article III, Amendments I, VII,XII; U.S.Supreme Court Rule 18, for Article III Impeachment removing designated Defendants and Defendants' Imperial Explusion Directives'-Fuzes and SCOTUSForum's Obstructions of Justice Fainaiguing-Fuzes, from the Property and Functions as well as from functioning in official duties and responsibilities of United States Government, the Comity-Government of Democracy of/by/for We The People et al. Jurisdiction-A, Supra.

*Id* (errors in original). Finally, Arunga further states:

> <u>STATEMENT OF JURISDICTION'S PROCEEDING</u>: U.S.C.A. 28, 2101 et seq., U.S.Supreme Court Rule 18, for Direct Appeal from U.S.Dstr.Crt.on Question Presented; F.R.C.P., Rules 23 and 52(a), for Class Action and Found Fact on Merits , for United States Government et al, against Designated Defendants and Defendants' Expulsion-Fuzes.Id.

*Id* (errors in original). While the Court declines to debate the merits of the "Citizen's Constitution," for example, a basis of federal court jurisdiction through accepted avenues of law cited by Arunga is questionable. For example, Title 28 U.S.C. § 2101 provides for direct appeal to the United States Supreme Court, and is not a jurisdictional ground for a United States District Court. *See* 28 U.S.C. § 2101. Further, Rules 23 and 52(a) of the Federal Rules of Civil Procedure do not address the jurisdiction of a district court. *See* FED R. CIV. P. 23, 52(a). Finally, neither Article III nor the First, Seventh, or Twelfth Amendments to the United States

Constitution provide anything more than an existential "jurisdictional hook" for Arunga's claims. *See generally* U.S. CONST. art. III; *id.* amends. I, VII, XII.

Additionally, while Arunga states multiple outlandish and almost entirely unintelligible allegations relating to fraud and other wrongful conduct against the American people, Arunga does not "state with particularity the circumstances constituting the fraud[.]" Fed R. Civ. P. 9(b); *see Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (holding that while "particularity" will be specific to each case, generally Rule 9(b) requires Plaintiff to allege facts indicating "who, what, when, where, [and] how"); *see generally* Dkt. No. 1. Finally, while Arunga's Complaint does contain headings, for example, Arunga's claims are unintelligibly mixed within each other, which plainly frustrates the purpose of Rule 10(b). *See generally* Dkt. No. 1; Fed R. Civ. P. 10(b). For all of the reasons stated herein, Arunga's Complaint should be dismissed.

## IV. Recommendation

It is recommended that Arunga's Complaint be dismissed with prejudice.

## V. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-

to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 31st day of August, 2016.

                                                _____
                                                **Ignacio Torteya, III**
                                                **United States Magistrate Judge**